MOLLIE F. BENEDICT – STATE BAR NO. 187084
MONEE A. TAKLA – STATE BAR NO. 259468
TUCKER ELLIS & WEST LLP
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409
Email: mollie.benedict@tuckerellis.com
Email: monee.takla@tuckerellis.com

Attorneys for Defendant
INDEPENDENCE TECHNOLOGY, L.L.C.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. NORTON,<br><br>              Plaintiff,<br><br>        v.<br><br>INDEPENDENCE TECHNOLOGY, LLC,<br>a Johnson & Johnson Company and DOES<br>1-50, inclusive,<br><br>              Defendant. | Case No. 2:10-cv-03218-MCE-JFM<br><br>**STIPULATED PROTECTIVE ORDER** |

        1.    It is hereby stipulated and agreed by and between Plaintiff James L. Norton ("Plaintiff") and Defendant Independence Technology, L.L.C. ("Defendant") (collectively, the "Parties") by and through their attorneys of record that Plaintiff may seek the production of documents and information from Defendant pursuant to this Stipulated Protective Order.  The Parties agree that these materials may contain privileged and/or confidential and proprietary business information of Defendant and that a Protective Order preserving the confidentiality of certain documents should be entered by the Court.

///

///

///

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2.      As hereinafter used, the term "confidential information" refers to information protected by Rule 26 of the Federal Rules of Civil Procedure, or other applicable laws or rules as a "trade secret" (as defined in the Uniform Trade Secrets Act) or privacy laws, including personal or medical information and includes, but is not limited to:

a.      Independence Technology, L.L.C.'s internal development, design, manufacturing, testing, and marketing processes;

b.      Proprietary rights, including technical information constituting trade secrets;

c.      Marketing plans, cost and pricing structures, customer lists, distributor lists, competitors and analysis of competitor products and independent contractors;

d.      Practices, procedures and protocols related to quality control and quality assurance; and

e.      Manufacturing practices and procedures and specific records illustrating same.

These and other similar matters are confidential and proprietary because they are not known to competitors or potential competitors of Independence Technology, L.L.C. or the general public and have entailed substantial cost to develop and are necessary to compete in a heavily regulated industry and comply with governing FDA regulations.

3.      This Protective order shall not apply to the following materials:

(a)     Documents of public record;

(b)     Documents filed as a public record with the clerk of any federal or state court (not including exhibits or depositions or discovery responses which, if within the conscripts of this Protective Order, must be filed under seal and with clear marking on the envelopes in which they are enclosed that they are subject to this Protective Order);

///

STIPULATED PROTECTIVE ORDER

LaImanage/012180/003499/707232

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

(c)   Documents filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; and

(d)   Documents or articles published in trade magazines or other general circulation publications.

It is acknowledged that certain documents and other information made, or to be made available by Defendant contain confidential and proprietary information, and trade secrets essential to the continued business interests of the Defendant and that the improper disclosure of such information would cause substantial damage to the legitimate business interests of the Defendant.

4.   Any party or person producing or filing a document in this action may designate that document, or any portion thereof, as stamped "Protected Document. Document Subject to Protective Order" (hereinafter, "Protected Documents").  The legend shall be affixed to the document designated, but shall not obscure any part of the text.  A designation shall subject the document, and its contents, to this Protective Order without any further act on the part of the person desiring confidentiality.  Any information which is designated confidential shall be immediately and at all times hereafter maintained and kept confidential by the receiving party, as subject to this Protective Order.

5.   Deposition testimony or any portion thereof may be designated "confidential" on the record at the time of the deposition.  Any party may, within (30) days after receiving a deposition transcript, designate the transcript as protected pursuant to this Protective Order by written notice to counsel of the designation and by having the cover page of the transcript marked "Protected Documents."  Copies of Protected Documents portions of the transcript shall likewise be marked and may be used by the Parties, subject to the limitations of this Protective Order.

///

///

LaImanage/012180/003499/707232

6.    In the event any information or document subject to the confidentiality restrictions of this Protective Order is contained within any briefs, motions or other documents filed with the Court, or is referred to in any hearing before the Court, such copy or reference shall be made under seal pursuant to Local Rule 141 and shall be designated Protected Documents unless otherwise agreed to in writing or on the record by counsel for the producing party.

7.    If another court or administrative agency subpoenas or orders production of the Protected Documents which a party has obtained under terms of this Protective Order, the party shall promptly notify Defendant's counsel of such subpoena or order.  Protected Documents shall not be produced by the party until Defendant's counsel has been notified of such subpoena or order and has had a reasonable opportunity to protect Defendant's interest by objecting to the subpoena order.

8.    Inadvertent production of any document or information without a confidential designation will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as confidential pursuant to this Order at a later date.  A written representation by counsel for the producing party that the disclosure was inadvertent shall be deemed prima facie of that fact.  Any party may designate as Protected Documents or withdraw a Protected Documents designation from any material that it has produced, provided, however, that such re-designation shall be effective only as of the date of such re-designation.  A party must treat such documents and things with the noticed level of protection from the date such notice is received.  Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description.  Upon receipt of any re-designation and replacement image that designates material as Protected Documents, all Parties shall (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; and (3) promptly endeavor to procure all copies of such material from

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

any persons known to have possession of such material who are not entitled to receipt under this Protective Order.

9.     Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the party producing the documents shall notify all Parties in writing within a reasonable period of time from the discovery of the inadvertent production.  If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the party making the inadvertent production, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.  If the party receiving the production disputes in writing the claim of privilege they may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below.  If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the Court.  No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  The party receiving such Inadvertently Produced Documents may, after receipt of the notice of inadvertent production, move the Court to oppose the request for return of the subject materials.  Each party retains all rights and arguments as to any proceeding regarding Inadvertently Produced Documents.

///

///

///

///

STIPULATED PROTECTIVE ORDER

LaImanage/012180/003499/707232

10.     If any party intends to disclose the information which has been designated Protected Documents to consultants or experts or others retained in the preparation of this case, the party shall supply each person receiving such information with a copy of this Order.  Each such person shall execute a Confidentiality Agreement in the form annexed hereto as Exhibit A, acknowledging that he/she is familiar with the provisions of this Order and agrees to abide by them.  Each such person shall execute the statement before he/she is provided with any information that has been designated as Protected Documents.  In the case that such person is an expert consultant, who has not yet been designated under Rule 26(a)(2) of the Federal Rules of Civil Procedure, said statement shall be provided to counsel for Defendant at the time expert witnesses are designated.

11.     Documents, materials and information designated as Protected Documents shall not be given, shown, made available, or communicated in any way to anyone other than the Plaintiff, Defendant, the attorneys of record for the Plaintiff and Defendant in this litigation, paralegals employed by counsel for each party, and consultants and experts retained by counsel for each party who have first signed a Confidentiality Agreement in the form annexed hereto as Exhibit A, which agreement should be served upon counsel for the Defendant, and filed with the Court if required in any further proceeding herein.

12.     It is agreed that, until further order of this Court, or mutual written agreement of the Parties, documents or other information produced by the Defendant will be subject to examination only by counsel of record in this case, their staff, and expert witnesses and consultants retained by them, and that neither the material produced, nor information acquired or extracted from the same will be divulged or made accessible to any competitor, person, news entity, governmental agency, or any other person or entity whatsoever.

///

///

///

///

STIPULATED PROTECTIVE ORDER

LaImanage/012180/003499/707232

13.    All counsel shall keep all material or information designated as a Protected Document which is received under this Stipulated Protective Order within its exclusive possession and control, except as provided in paragraphs 10, 11 and 12, and shall take reasonable steps to maintain such material in a secure manner.  Except as provided in paragraphs 10, 11 and 12 above, no person shall have access to the foregoing material and information.

14.    Such confidential documents, materials and information produced, provided or generated by the Defendant in this lawsuit shall be used only for the purpose of this specific lawsuit and not for any other purpose whatsoever.

15.    Defendant may move this Court for an order that the evidence at trial be received in such a way as to prevent unnecessary disclosure consistent with applicable law.  Absent such additional order of Court, all Parties are entitled to use Protected Documents as evidence in trial without restriction.

16.    Within fifteen (15) days of final determination of this action, whether by judgment, appeal, settlement or otherwise, counsel for all Parties shall assemble and return to counsel for the Defendant all documents and materials, together with all copies thereof in their possession or subject to their control, including without limitation documents and information provided to all others in accordance with this Protective Order, that reveal or may tend to reveal confidential material or information provided in accordance with this Protective Order.  Final determination shall be taken and construed as the date fifteen (15) days following the filing of a stipulated dismissal, or the entry of voluntary dismissal or a final, non-appealable order disposing of this case.  Upon such final determination, counsel of record for each party shall notify counsel for the Defendant of compliance.  Counsel for each party shall make a reasonable effort to retrieve any document or information has been given, and shall notify counsel for the Defendant of the failure to retrieve any such information.  Such notification shall include descriptive detail of any document not returned.

17.    Any breach of this Protective Order by any person shall be punished as a

LaImanage/012180/003499/707232

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

contempt of court.  All other civil remedies for breach of this Protective Order are specifically reserved by and are not waived by the disclosure provided for herein. Further, in the event of a breach of the Confidentiality Agreement by an expert retained by any party or its counsel, the Defendant may pursue all civil remedies available to it as a third party beneficiary of the Protective Order, whether against the party, the party's attorney, and/or any experts to whom this information is divulged, individually and/or jointly.

18.   Any party for good cause shown may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of the Parties in writing.  This Protective Order shall remain in full force and effect and each party subject to this order shall continue to be subject to the jurisdiction of this court, for the purposes of enforcement of the confidential terms of this order, in perpetuity.  The Court shall not be divested of the power to enforce the confidentiality terms of this order as to any person subject to the terms of this order by the occurrences of the final determination of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

Dated: June 29, 2011                    WARDA & YONANO


                                        By: */s/ Nicholas Yonano*
                                        [as authorized on 6/29/2011]
                                        Nicholas Yonano (SBN 157277)
                                        Attorney for Plaintiff
                                        JAMES L. NORTON

STIPULATED PROTECTIVE ORDER

LaImanage/012180/003499/707232

Dated:  June 29, 2011                      TUCKER ELLIS & WEST LLP


By:/s/ Mollie F. Benedict
    Mollie F. Benedict (SBN 187084)
    Attorney for Defendant
    INDEPENDENCE TECHNOLOGY,
    L.L.C.


### **ORDER**

**IT IS SO ORDERED**.


DATE:  July 7, 2011


_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER

LaImanage/012180/003499/707232

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

JAMES L. NORTON,

     Plaintiff,

    v.

INDEPENDENCE TECHNOLOGY, LLC, a Johnson & Johnson Company and DOES 1-50, inclusive,

     Defendant.

Case No. 2:10-cv-03218-MCE-JFM

**CONFIDENTIALITY AGREEMENT (EXHIBIT A)**

     The undersigned, having read and understood the Stipulated Protective Order governing the restricted use of Documents of Defendant and any information derived therefrom, hereby agrees to be bound by the terms thereof; understands that any disclosure of the Documents or any information derived therefrom constitutes contempt of court; and agrees to submit to the personal jurisdiction of this Court to enforce the Protective Order against the undersigned.

Dated: _____

By: _____

Name: _____

Title: _____

TUCKER ELLIS & WEST LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

LaImanage/012180/003499/707232