UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES L. NORTON, | No. 2:10-cv-03218-MCE-JFM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| INDEPENDENCE TECHNOLOGY, LLC, a Johnson & Johnson Company; and DOES 1-50, inclusive, | |
| Defendants. | |

Plaintiff James Norton ("Plaintiff") originally initiated this action in El Dorado County Superior Court on July 2, 2010. Defendant Independence Technology ("Defendant") filed an answer in state court and subsequently removed the case to this Court pursuant to the Court's diversity jurisdiction. Presently before the Court is Defendant's Motion for Judgment on the Pleadings ("Motion") seeking to dismiss Plaintiff's Complaint in its entirety on the basis that Plaintiff's claims are preempted by federal law. For the following reasons, Defendant's Motion is GRANTED with leave to amend.

1

**BACKGROUND**

In his state court complaint, Plaintiff very generally alleges causes of action against Defendant for strict products liability, negligence and breach of implied warranty arising out of Defendant's design and manufacture of his iBOT(R) 4000 Mobility System ("iBOT"). According to Plaintiff's Complaint, on July 4, 2009, while on a camping trip at Emerald Bay of Lake Tahoe, California, Plaintiff attempted to navigate his iBOT wheelchair on a trail leading to a fireworks viewing area. Plaintiff was operating the chair in low four-wheel drive when he made a slow left turn. The wheelchair over-turned and a T-handle on the chair's arm rest struck Plaintiff, cracking three of his ribs. Plaintiff now seeks to recover from Defendant for his injuries.

According to Defendant, it does manufacture the iBOT, which is motorized stair-climbing wheelchair that has been approved as a Class III device by the Food and Drug Administration ("FDA") through a Pre-Market Approval ("PMA") process. See Declaration of Mollie F. Benedict, Exhs. A-C.[1] The sale and marketing of the iBOT are directly regulated by the FDA pursuant to the Medical Device Amendments ("MDA"), 21 U.S.C. § 360c et seq., to the Food, Drug and Cosmetic Act, which contains an express preemption clause.

---

[1] The Court hereby takes judicial notice of these FDA documents, which are matters of public record. See Stengel v. Medtronic, Inc., 2010 WL 4483970, at *3 (D. Ariz. Nov. 9, 2010). Consideration of this evidence does not convert the current motion to one for summary judgment. Id.

1  See, e.g., Riegel v. Medtronic, Inc., 522 U.S. 312, 316-20
2  (2008).  Defendant thus argues by way of the instant Motion that
3  any state requirements Plaintiff seeks to impose upon the design,
4  manufacture or labeling of the iBOT are preempted by federal law.

**STANDARD**

8      A motion for judgment on the pleadings pursuant to
9  Rule 12(c) challenges the legal sufficiency of the opposing
10 party's pleadings.  See, e.g. Westlands Water Dist. v. Bureau of
11 Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party
12 may move for judgment on the pleadings under Rule 12(c) after the
13 pleadings are closed but within such time as to not delay trial.
14     A motion for judgment on the pleadings should only be
15 granted if, accepting as true all material allegations contained
16 in the nonmoving party's pleadings, the moving party "'clearly
17 establishes that no material issue of fact remains to be resolved
18 and that he [or she] is entitled to judgment as a matter of
19 law.'"  Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482
20 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller,
21 Federal Practice and Procedure § 1368 (1969)); Hal Roach Studios,
22 Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.
23 1989)).  Judgment on the pleadings is also proper when there is
24 either a "lack of cognizable legal theory" or the "absence of
25 sufficient facts alleged under a cognizable legal theory."
26 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.
27 1988).
28 ///

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard applied to a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id.

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Id. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

4

Courts have discretion to grant leave to amend in conjunction with motions made pursuant to Rule 12(c). <u>Moran v. Peralta Cmty. Coll. Dist.</u>, 825 F. Supp. 891, 893 (N.D. Cal. 1993) (<u>citing</u> <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir. 1979). Generally, leave to amend a complaint is denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

Defendant moves for judgment on the pleadings arguing that each of Plaintiff's causes of action is preempted by federal law. More specifically, Defendant contends Plaintiff's state law claims are preempted by the MDA, which provides:

> [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement–
>
> (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and
>
> (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. § 360k(a). Defendant is correct.

The United States Supreme Court has held that state requirements, including state tort law claims, pertaining to Class III devices approved via PMA procedures are preempted under the MDA, but "only to the extent that they are 'different from, or in addition to' the requirements imposed by federal law." <u>Riegel</u>, 522 U.S. at 330.

5

1  Notably, the MDA "does not prevent a State from providing a
2  damages remedy for claims premised on a violation of FDA
3  regulation; the state duties in such a case 'parallel,' rather
4  than add to, federal requirements."  Id.  In order to properly
5  plead "parallel" claims that survive preemption, however, a
6  plaintiff "must demonstrate facts (1) showing an alleged
7  violation of FDA regulations or requirements related to [the
8  device], and (2) establishing a causal nexus between the alleged
9  injury and the violation."  Cohen v. Guidant Corp., 2011 WL
10 637472, *1 (C.D. Cal. 2011).

11      Under Riegel and its progeny, Plaintiff's claims as pled are
12 preempted because they are each premised on the impropriety of a
13 design, manufacturing or labeling process specifically approved
14 by the FDA through its PMA procedures, and they thus constitute
15 state law claims imposing requirements that are "different from,
16 or in addition to" federal requirements.  Indeed, Plaintiff has
17 not even attempted to allege that Defendant violated FDA
18 requirements in the design, manufacture or labeling of the iBOT,
19 and, in his Opposition, argues only that Defendant may be liable
20 for his injuries despite compliance with the federal mandates.
21 Opposition, 3:4-10.  In so arguing, Plaintiff ignores the
22 governing law and attempts to state causes of action that are
23 clearly preempted.  Accordingly, Defendant's Motion is hereby
24 granted.  Nonetheless, because Plaintiff could conceivably allege
25 facts supporting the existence of viable "parallel claims" based
26 on Defendant's failure to comply with the FDA-approved standards,
27 Plaintiff will be granted leave to amend.
28 ///

**CONCLUSION**

For the reasons just stated, Defendant's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED with leave to amend.[2] Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is filed within said twenty (20)-day period, without further notice to the parties, this action will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 15, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

7